PROSKAUER ROSE LLP
Bettina B. Plevan (BP-7460)
Steven D. Hurd (SH-0350)
Harris M. Mufson (HM-4988)
1585 Broadway
New York, New York 10036
(212) 969-3065
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JULIE KAMPS, <br><br> Plaintiff, <br><br> vs. <br><br> FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP, VALERIE FORD JACOB, JUSTIN SPENDLOVE, WILLIAM MCGUINNESS, JANICE MAC AVOY, DAVID HENNES, and DOES 1-100, <br><br> Defendants. | **ECF CASE** <br><br> Civ. 09-cv-10392 (RMB-KF) <br><br> **ANSWER** |

Defendants Fried, Frank, Harris Shriver & Jacobson LLP ("Fried Frank" or the "Firm"), Valerie Ford Jacob ("Jacob"), Justin Spendlove ("Spendlove"), William McGuinness ("McGuinness"), Janice Mac Avoy ("Mac Avoy") and David Hennes ("Hennes") (collectively "Defendants") through their attorneys, Proskauer Rose LLP, for their Answer to the Complaint, herein state as follows:

## AS TO THE COMPLAINT

1. Deny the allegations set forth in Paragraph 1 of the Complaint.

2. Deny the allegations set forth in Paragraph 2 of the Complaint.

3. Deny the allegations set forth in Paragraph 3 of the Complaint, except admit upon information and belief that Plaintiff graduated from Harvard Law School and graduated from the University of Pittsburgh.

4. Deny the allegations set forth in Paragraph 4 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first two sentences of Paragraph 4.

5. Admit that Fried Frank has a well-established practice of handling cases of harassment and discrimination but deny that its practice is improper and further deny the remaining allegations set forth in Paragraph 5 of the Complaint.

6. Deny the allegations set forth in Paragraph 6 of the Complaint, except admit that Mac Avoy and Hennes are Fried Frank partners.

7. Deny the allegations set forth in Paragraph 7 of the Complaint.

8. Deny the allegations set forth in Paragraph 8 of the Complaint.

9. Deny the allegations set forth in Paragraph 9 of the Complaint.

10. Deny the allegations set forth in Paragraph 10 of the Complaint.

11. Deny the allegations set forth in Paragraph 11 of the Complaint, except admit that Plaintiff purports to file suit under the statutes and theories set forth therein.

12. Admit the allegations set for the in Paragraph 12 of the Complaint.

13. Admit the allegations set for the in Paragraph 13 of the Complaint.

14. Admit the allegations set for the in Paragraph 14 of the Complaint.

15. Deny the allegations set for the in Paragraph 15 of the Complaint, except admit that Spendlove is a partner in the Firm's Corporate Department and is the Firm's Managing Partner.

16. Admit the allegations set for the in Paragraph 16 of the Complaint.

17. Admit the allegations set for the in Paragraph 17 of the Complaint.

18. Admit the allegations set for the in Paragraph 18 of the Complaint.

19. Admit the allegations contained in Paragraph 19 of the Complaint.

20. Deny the allegations contained in Paragraph 20 of the Complaint, except admit that Plaintiff filed a charge against the Firm with the Equal Employment Opportunity Commission ("EEOC") dated March 18, 2009.

21. Deny the allegations contained in Paragraph 21 of the Complaint, except admit that the EEOC issued Plaintiff a Notice of Right to Sue dated November 6, 2009.

22. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 22 of the Complaint, except admit upon information and belief that Plaintiff graduated from Harvard Law School and graduated from the University of Pittsburgh.

23. Deny the allegations contained in Paragraph 23 of the Complaint, except admit that Plaintiff practiced law at Fried Frank and that she was not promoted to partner, and deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that Plaintiff received "high praise" from outside the Firm.[1]

24. Deny the allegations contained in Paragraph 24 of the Complaint.

25. Deny the allegations contained in Paragraph 25 of the Complaint.

26. Deny the allegations contained in Paragraph 26 of the Complaint.

27. Deny the allegations contained in Paragraph 27 of the Complaint.

28. Deny the allegations contained in Paragraph 28 of the Complaint.

29. Deny the allegations contained in Paragraph 29 of the Complaint.

---

[1] Deny the allegations contained in Footnote 1 of the Complaint.

30. Deny the allegations contained in Paragraph 30 of the Complaint.

31. Deny the allegations contained in Paragraph 31 of the Complaint.

32. Deny the allegations contained in Paragraph 32 of the Complaint.

33. Deny the allegations contained in Paragraph 33 of the Complaint.

34. Deny the allegations contained in Paragraph 34 of the Complaint.

35. Deny the allegations contained in Paragraph 35 of the Complaint.

36. Deny the allegations contained in Paragraph 36 of the Complaint, except admit that Plaintiff made an internal complaint that she believed the Firm was spying on her and having people follow her and an investigation of those allegations was conducted.

37. Deny the allegations contained in Paragraph 37 of the Complaint.

38. Deny the allegations contained in Paragraph 38 of the Complaint.

39. Deny the allegations contained in Paragraph 39 of the Complaint, except admit that Fried Frank has workplace policies, that "[i]n or about December 2008, Defendants promoted a male associate in Kamps' class year in the litigation department to Special Counsel" who remains employed at the Firm and that "another male associate in the litigation department" remains employed at the Firm.

40. Deny the allegations contained in Paragraph 40 of the Complaint.

41. Deny the allegations contained in Paragraph 41 of the Complaint.

42. Deny the allegations contained in Paragraph 42 of the Complaint, except admit that Plaintiff filed a charge with the EEOC.

43. Deny the allegations contained in Paragraph 43 of the Complaint.

44. Repeat each of the answers to Paragraphs 1 through 43 as if fully set forth herein.

45. The allegations contained in Paragraph 45 state a legal conclusion to which no response is necessary. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 45 of the Complaint, except admit that Plaintiff is a woman.

46. Deny the allegations contained in Paragraph 46 of the Complaint.

47. Deny the allegations contained in Paragraph 47 of the Complaint.

48. Deny the allegations contained in Paragraph 48 of the Complaint.

49. Deny the allegations contained in Paragraph 49 of the Complaint.

50. Deny the allegations contained in Paragraph 50 of the Complaint.

51. Repeat each of the answers to Paragraphs 1 through 50 as if fully set forth herein.

52. The allegations contained in Paragraph 52 state a legal conclusion to which no response is necessary. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 52 of the Complaint, except admit that Plaintiff is a woman.

53. Deny the allegations contained in Paragraph 53 of the Complaint.

54. Deny the allegations contained in Paragraph 54 of the Complaint.

55. Deny the allegations contained in Paragraph 55 of the Complaint.

56. Repeat each of the answers to Paragraphs 1 through 55 as if fully set forth herein.

57. Deny the allegations contained in Paragraph 57 of the Complaint.

58. Deny the allegations contained in Paragraph 58 of the Complaint.

59. Deny the allegations contained in Paragraph 59 of the Complaint.

60. Deny the allegations contained in Paragraph 60 of the Complaint.

61. Deny the allegations contained in Paragraph 61 of the Complaint.

62. Deny the allegations contained in Paragraph 62 of the Complaint.

63. Repeat each of the answers to Paragraphs 1 through 62 as if fully set forth herein.

64. The allegations contained in Paragraph 64 state a legal conclusion to which no response is necessary. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 64 of the Complaint.

65. Deny the allegations contained in Paragraph 65 of the Complaint.

66. Deny the allegations contained in Paragraph 66 of the Complaint.

67. Deny the allegations contained in Paragraph 67 of the Complaint.

68. Deny the allegations contained in Paragraph 68 of the Complaint.

69. Deny the allegations contained in Paragraph 69 of the Complaint.

70. Deny the allegations contained in Paragraph 70 of the Complaint.

71. Deny the allegations contained in Paragraph 71 of the Complaint.

72. Deny the allegations contained in Paragraph 72 of the Complaint.

73. Repeat each of the answers to Paragraphs 1 through 72 as if fully set forth herein.

74. The allegations contained in Paragraph 74 state a legal conclusion to which no response is necessary. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 74 of the Complaint.

75. Deny the allegations contained in Paragraph 75 of the Complaint.

76. Deny the allegations contained in Paragraph 76 of the Complaint.

77. Deny the allegations contained in Paragraph 77 of the Complaint.

78. Deny the allegations contained in Paragraph 78 of the Complaint.

79. Deny the allegations contained in Paragraph 79 of the Complaint.

80. Deny the allegations contained in Paragraph 80 of the Complaint.

81. Deny the allegations contained in Paragraph 81 of the Complaint.

82. Deny the allegations contained in Paragraph 82 of the Complaint.

83. Deny the allegations contained in Paragraph 83 of the Complaint.

84. Repeat each of the answers to Paragraphs 1 through 83 as if fully set forth herein.

85. Deny the allegations contained in Paragraph 85 of the Complaint.

86. Defendants Fried Frank and Mac Avoy admit the allegations contained in Paragraph 86 of the Complaint, except deny knowledge or information sufficient to form a belief about the truth or falsity concerning the date of Mac Avoy's conversation with Plaintiff. Defendants Jacob, Spendlove, McGuinness and Hennes deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 86 of the Complaint.

87. Deny the allegations contained in Paragraph 87 of the Complaint.

88. Deny the allegations contained in Paragraph 88 of the Complaint.

89. Deny the allegations contained in Paragraph 89 of the Complaint.

90. Deny the allegations contained in Paragraph 90 of the Complaint, except admit that Plaintiff was never promoted to partner.

91. Deny the allegations contained in Paragraph 91 of the Complaint.

92. Deny the allegations contained in Paragraph 92 of the Complaint.

93. Repeat each of the answers to Paragraphs 1 through 92 as if fully set forth herein.

94. Deny the allegations contained in Paragraph 94 of the Complaint, except admit that Fried Frank maintains formal, written workplace policies and that employees are required to annually sign a confirmation of the sexual harassment policy.

95. Deny the allegations contained in Paragraph 95 of the Complaint.

96. Deny the allegations contained in Paragraph 96 of the Complaint.

97. Deny the allegations contained in Paragraph 97 of the Complaint.

98. Repeat each of the answers to Paragraphs 1 through 97 as if fully set forth herein.

99. Deny the allegations contained in Paragraph 99 of the Complaint.

100. Deny the allegations contained in Paragraph 100 of the Complaint.

101. Deny the allegations contained in Paragraph 101 of the Complaint.

102. Deny the allegations contained in Paragraph 102 of the Complaint.

103. Repeat each of the answers to Paragraphs 1 through 102 as if fully set forth herein.

104. Deny the allegations contained in Paragraph 104 of the Complaint.

105. Deny the allegations contained in Paragraph 105 of the Complaint.

106. Deny the allegations contained in Paragraph 106 of the Complaint.

107. Deny the allegations contained in Paragraph 107 of the Complaint.

108. Repeat each of the answers to Paragraphs 1 through 107 as if fully set forth herein.

109. Deny the allegations contained in Paragraph 109 of the Complaint.

110. Paragraph 110 states a legal conclusion to which no response is required.

111. Deny the allegations contained in Paragraph 111 of the Complaint.

112. Deny the allegations contained in Paragraph 112 of the Complaint.

113. Deny the allegations contained in Paragraph 113 of the Complaint.

114. Deny the allegations contained in Paragraph 114 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted or for which the damages sought can be awarded.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation and/or filing periods, and/or by Plaintiff's failure to satisfy administrative, procedural and jurisdictional prerequisites for bringing suit under Title VII, the New York State Human Rights Law and the New York City Human Rights Law.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

All actions by Defendants with respect to Plaintiff were taken for legitimate, non-discriminatory, non-retaliatory, non-prohibited reasons and/or for good cause.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

To the extent, if any, that Defendants engaged in conduct with respect to Plaintiff, and to the extent, if any, that Defendants were motivated in part by unlawful reasons (which Defendants deny), they would have taken the same actions with respect to Plaintiff for lawful, non-discriminatory, non-retaliatory reasons.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

At all relevant times, Defendants exercised reasonable care to prevent and correct promptly unlawful harassing behavior, if any, and Plaintiff unreasonably failed to take advantage of the preventive and/or corrective opportunities provided by Defendants or to avoid harm otherwise.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

At all relevant times Defendants have maintained, disseminated and observed equal employment, harassment-free work environment, and anti- retaliation policies that, *inter alia*, provide that all personnel decisions are to be made on the basis of merit without regard to race or on any other basis that is protected under applicable law, prohibit any form of harassment or intimidation on any basis that is protected by applicable law, and prohibit any form of retaliation against an individual who reports a claim of discrimination or who opposes any act or practice made unlawful by any federal, state or local statute, or who cooperates in the investigation of such a report.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by equitable defenses, including the doctrines of equitable estoppel, laches, waiver and/or unclean hands.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff suffered damages as alleged, such damages were caused or contributed to by Plaintiff's own actions or actions of others over whom Defendants exercised no control.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages based upon emotional, mental or physical injuries,

including their claims of infliction of emotional distress, are barred by the exclusivity provisions of the applicable workers' compensation laws.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to make reasonable and diligent efforts to mitigate her alleged damages.

Dated:       New York, New York
             January 28, 2010

*[signature: Bettina B. Plevan]*

Bettina B. Plevan
Steven D. Hurd
Harris M. Mufson
PROSKAUER ROSE LLP
1585 Broadway
New York, NY  10036-8299
Phone: (212) 969-3009
*Attorney for Defendants*