UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

_____
JULIE KAMPS,                          :
                      Plaintiff,      :        ECF CASE
vs.                                   :
                                      :
FRIED, FRANK, HARRIS,                 :        09-CV–10392 (RMB-KF)
SHRIVER & JACOBSON LLP,               :
VALERIE FORD JACOB,                   :
JUSTIN SPENDLOVE,                     :
WILLIAM MCGUINNESS,                   :
JANICE MAC AVOY, DAVID                :
HENNES, and DOES 1-100,               :
                                      :
                      Defendants.     :
_____

**PLAINTIFF'S OPPOSITION TO DEFENDANTS'MOTION
FOR A PROTECTIVE ORDER AND IN OPPOSITION TO PLAINTIFF'S
<u>REQUEST TO REOPEN DEPOSITIONS</u>**

Defendants' motion for a protective order for two Defendants is untimely, and their anticipatory request to shield Defendants who Plaintiff already deposed from being deposed again is premature. Defendants' application should be denied in its entirety.

**I.      <u>THE MOTION SHOULD BE DENIED AS UNTIMELY AND UNFOUNDED.</u>**

Defendants Valerie Jacobs and Justin Spendlove should have moved for a protective order before their scheduled depositions, not two months after discovery closed. Under the advice of counsel, these Defendants—*who themselves are attorneys*—chose to forego seeking protection under Federal Rule of Civil Procedure 26(c) in the face of deposition notices duly issued in July. Plaintiff advised opposing counsel then, when they balked at the dates for the depositions, that Defendants should apply for a protective order before disregarding the notices. They ignored that advice and the scheduled depositions. Thus, they could not have been more deliberate in waiving Rule 26(c)'s procedural shield, which they now seek to invoke too many weeks and months later. The Court should respect their informed waiver and deny the request for a protective order as untimely.

Assuming Jacobs and Spendlove had timely sought immunity from deposition, the Court still would have had to deny their request. They are named defendants with personal knowledge of discoverable facts. As such, Plaintiff's right to depose them is clear: "A party may, by oral questions, depose any person, including a party, without leave of court." Fed. R. Civ. P. 30(a)(1). She is entitled to depose them about "any nonprivileged matter that is relevant to any party's claim or defense … if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

Jacobs and Spendlove, as Fried Frank partners, had direct involvement in Plaintiff's victimization. In addition, from the top down, they set, implemented, and enforced employment policies that gave rise to Plaintiff's allegations. Because of their own actions and professional responsibilities, they possess relevant, discoverable information. A review of the claims and defenses in this lawsuit demonstrates this point.

Plaintiff has sued Defendants for discrimination based on her gender, sexual orientation, and sexual appearance and for retaliation based on her complaints and opposition to their discriminatory conduct. She has alleged that, in violation of Title VII, Section 1981, and the New York Human Rights Act, she was (1) subjected to a hostile work environment by one of her supervisors whose sexuality is questionable, (2) denied promotion to partner after nine years of excellent performance as an associate, and (3) terminated because she refused to be steamrolled during a mediation of her discrimination claims. She also brings claims for the intentional infliction of emotional distress caused by her immediate supervisors in Fried Frank's litigation group and the negligent supervision and retention by the firm's management of those supervisors. Finally, she has sued for breach of employment contract. For her suffering and loss of employment, she seeks monetary damages, including punitive damages.

The necessity of Jacobs's and Spendlove's testimony became apparent during Plaintiff's depositions of other Fried Frank partners who are also named defendants. At times, some of those Defendants justified the firm's unlawful conduct by claiming that Plaintiff was a poor writer, intellectually strident, or delusional. Still other Defendants claimed that Plaintiff was not considered for

promotion for economic reasons, was never told in the decade she served as a Fried Frank associate that she was on partnership track, failed to complain about any discrimination, and quit before she was fired. Some Defendants claimed not to know the firm's policies on compensation, antidiscrimination, promotion, and termination. Of those that did claim such knowledge, their understandings of the policies differed from or contradicted one another. The only matters Defendants consistently agreed on in their depositions were that they did not know the terms of their partnership agreement and that they did not know whether Plaintiff, a transgendered woman, dressed in what would be considered traditional clothing for a male or female.

     Defendants' organic, multiple, and inconsistent policy interpretations, reasons for the firm's adverse actions against Plaintiff, and explanations about the firm's economic condition and management structure necessitate deposing the individuals, who at the relevant times, were charged with overarching responsibility for the firm. That would be Jacobs, Fried Franks's chair, and Spendlove, its managing partner. Defendants claim unconvincingly that Jacobs and Spendlove possess no discoverable information because they were not "involved" in the events alleged in the Amended Complaint, which is untrue. But if it had been true, these Defendants would have had grounds for dismissal, not a protective order. Yet, they chose not to file a motion to dismiss.

     Contrary to Defendants' argument, serving as a law firm executive does not insulate any person, especially not any party, from being deposed. The cases cited in Defendants' motion involve executive employees who were not personally liable for their employers' violations of the antidiscrimination law. In contrast, Jacobs and Spendlove are owners of Fried Frank and partners of Defendants. They are directly liable for Plaintiff's claims by virtue of their ownership and indirectly liable through their fiduciary relationship with the other firm owners, namely, their law partners.

     Certainly, because Jacobs is Fried Frank's chair and Spendlove is its managing partner, they have unique knowledge and special insight about the policies, management, and economic performance of the firm. For example, all Defendants claimed not to remember the terms of the firm's partnership agreement (in some cases, they were instructed not to answer questions about its terms) and have refused to produce

it. Plaintiff believes the agreement's terms, particularly those concerning the partners' relationship and responsibilities to one another, are inconsistent with the partners' responsibilities under the firm's antidiscrimination policy and discrimination law. Both Jacobs and Spendlove, as heads of the firm, can explain how, if possible, the terms of the agreement operate with their EEO obligations.

       Both Jacobs and Spendlove voted on promotion of associates to partner in the years Plaintiff was passed over. But, more importantly, the head of the litigation group in which Plaintiff worked testified that the number of new partners Fried Frank makes each year is first discussed within the group and, then, presented to an executive committee, which serves in a supervisory capacity for partner promotion. Although the membership of the committee is kept secret, Plaintiff's understanding is that Jacobs and Spendlove sat on the committee in the years she was passed over for partner. The discoverable information they possess about the committee is the information it received in determining the number of associates that would be promoted, what selection criteria would be used for determining the "need" for new partners, and whether the groups complied with the law and the firm's antidiscrimination policy in making partner promotion recommendations. Indeed, as the managing partner, Spendlove collects and distributes information about the financial condition of the firm as a whole and each practice group. This information is highly relevant to Plaintiff's promotion claim.

       The antidiscrimination policy under which Defendants inconsistently testified about their reporting and corrective responsibilities applied to Jacobs and Spendlove too. Yet, like their partners, they did nothing in response to Plaintiff's complaints of discrimination. Jacobs hosted a luncheon for women lawyers at Fried Frank at which Plaintiff complained that women made partner less often than men because woman are held to a different standard. Plaintiff complained at a retreat in Arizona that she, like other women, had been denied credit for work they performed. Spendlove responded that the firm's policy is that everyone would get credit for their work, but Plaintiff never did. Finally, by email, Plaintiff complained to both Jacobs and Spendlove about the unusual and manner in which she learned she had not been promoted to partner. Plaintiff has a right to depose them about these complaints and Jacob's and Spendlove's response to them.

4

A protective order is inappropriate for Jacobs and Spendlove because of their personal knowledge and professional responsibilities. The Court should compel them to sit for deposition immediately.

## II. DEFENDANTS' REQUEST TO PREVENT DEFENDANTS FROM BEING RE-DEPOSED IS PREMATURE.

Unlike for Jacobs and Spendlove, Defendants do not request a protective order with regard to those Defendants who already have been deposed. Instead, they seek a kind of declaratory judgment that Plaintiff is not permitted to recall those Defendants, even though Plaintiff has not yet actually recalled any of them. Nor has she filed a motion to compel or requested the Court's permission to re-depose those Defendants under Federal Rule of Civil Procedure 30(a)(2). The only factual basis for Defendants' request is Plaintiff's counsel's suggestion in a status hearing that Plaintiff anticipated recalling some Defendants because of their lack of candor and improper refusal to answer questions. Defendants' opposition is premature unless and until Plaintiff seeks to reopen depositions. But Plaintiff reserves the right to address Defendants' arguments—to the extent they become relevant—in her anticipated motion to compel.

Respectfully submitted,
**DOMAN DAVIS LLP**

BY: *Daryl Davis*

Daryl Davis, Esq. (DD-8473)

66 Main St, Suite 511
Yonkers, NY 10701
Phone: (646) 525-5544
daryl.davis@domandavis.com

5

## CERTIFICATE OF SERVICE

I certify that, on October 12, 2010, I caused the foregoing Opposition to Defendants' Untimely Motion for a Protective Order to be served on all counsel of record by ECF.

                              **DOMAN DAVIS LLP**

BY: *[signature: Daryl Davis]*

                              Daryl Davis, Esq. (DD-8473)

                              66 Main St, Suite 511
                              Yonkers, NY 10701
                              Phone: (646) 525-5544
                              daryl.davis@domandavis.com