UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————
JULIE KAMPS,                                    :
                          Plaintiff,            :

vs.                                             :
                                                :                **ECF CASE**
FRIED, FRANK, HARRIS,                           :        Civ. 09-cv-10392 (RMB-KF)
SHRIVER & JACOBSON LLP,                         :
VALERIE FORD JACOB,                             :
JUSTIN SPENDLOVE,                               :
WILLIAM MCGUINNESS,                             :
JANICE MAC AVOY, DAVID                          :
HENNES, and DOES 1-100,                         :
                                                :
                          Defendants.           :
———————————————————————

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS'
MOTION FOR A PROTECTIVE ORDER AND IN OPPOSITION TO
PLAINTIFF'S REQUEST TO REOPEN DEPOSITIONS**

**PRELIMINARY STATEMENT**

Plaintiff has not proffered any valid reasons for deposing Valerie Jacob ("Jacob") and Justin Spendlove ("Spendlove"), the two most senior members of Defendant Fried, Frank, Harris, Shriver & Jacobson LLP ("Fried Frank").  Accordingly, their depositions would merely serve to harass the deponents and cause Defendants undue burden and expense.  Furthermore, Plaintiff should be precluded from seeking to re-depose Defendants' witnesses because fact discovery has long closed and she admits that she has not pursued those continued depositions during the fact discovery period.

**ARGUMENT**

**I.    Defendants' Motion For a Protective Order Precluding the Jacob and Spendlove Depositions Should Be Granted**

Plaintiff has not shown any reason that Defendants' motion to preclude the depositions of Jacob and Spendlove should not be granted.  As an initial matter, on July 23, 2010, two days after Plaintiff served notices of deposition, Defendants put Plaintiff on notice that they would not agree to produce Jacob or Spendlove for their depositions. (Plevan Aff., Ex. 1).[1]  Then, on August 1, 2010, Plaintiff offered to withdraw the notices of deposition for Jacob and Spendlove if Defendants would present a FRCP 30(b)(6) witness who has knowledge regarding various Firm policies and procedures. (Plevan Aff., Ex. 3).  Defendants responded the following day that her request for a 30(b)(6) witness did not provide reasonable notice under the FRCP because depositions were to be completed on or before August 6 but that the five Fried Frank partners who she was deposing had knowledge regarding the Firm's policies and procedures. (Plevan Aff., Ex. 4).  Plaintiff never responded and therefore implicitly withdrew the notices of

---

[1] The Affirmation of Bettina Plevan dated September 10, 2010 is hereinafter referred to as  "Plevan Aff."  The Affirmation of Steven Hurd dated October 18, 2010 is hereinafter referred to as "Hurd Aff.".  Because the deposition transcripts attached to these affidavits have been designated confidential, they have been filed under seal.

deposition for Jacob and Spendlove.  In any event, the Court ruled during the August 13, 2010 telephone conference that Defendants could seek a protective order precluding the depositions of Jacob and Spendlove.  Furthermore, at the time of their Answer, Defendants did not move to dismiss Spendlove or Jacob from the case because Plaintiff's allegations as to those individuals were unclear.  Now that Plaintiff's deposition is complete and Defendants know that Plaintiff has no factual basis to assert her claims against Spendlove and Jacob, it is clear that they were named in the lawsuit for harassment purposes.  Accordingly, Plaintiff's contention that Defendants waived their right to seek a protective order under FRCP 26(c) is unavailing.

Plaintiff's assertion that Jacob or Spendlove possess "discoverable facts" is solely based on their roles as the senior-most individuals at Fried Frank.  (Pl. Br. at 2).[2]  Jacob and Spendlove did not have "direct involvement in Plaintiff's victimization", as Plaintiff claims without any factual support.  (Pl. Br. at 2).  Instead, her contention is belied by Plaintiff's deposition testimony where she could not list a single thing that Jacob or Spendlove did to discriminate against her and where she admitted that the only reason that she named Jacob and Spendlove as Defendants is because they were in "the top positions at the firm".  (Plevan Aff., Ex. 2 (Kamps Tr.) at 147-49).

Plaintiff provides absolutely no support for her contention that Jacob and Spendlove possess "unique knowledge and special insight about the policies, management, and economic performance of the firm." (Pl. Br. at 3).  Plaintiff's belief that the Firm's partnership agreement somehow discourages compliance with the Firm's EEO policy is both purely speculative and illogical.  Moreover, it is undisputed that Plaintiff was not recommended by the Litigation Department for promotion to the Firm's partnership.  Therefore, she was never considered by the

---

[2] Plaintiff's Opposition to Defendants' Motion for a Protective Order and In Opposition To Plaintiff's Request To Re-open Depositions is referred hereinafter as "Pl. Br."

Firm's Partner Development Committee, the Governance Committee or the partnership as a whole (which is the required promotion process after an individual is recommended by their Department).  Therefore, the fact that Jacob and Spendlove sit on the Firm's Governance Committee has no bearing on the claims or defenses in this case.

Plaintiff never complained about discrimination to Jacob or Spendlove, nor did she ever speak to Spendlove or Jacob about not becoming a partner.  (Plevan Aff., Ex. 2 (Kamps Tr.) at 147-49).  Kamps never testified that Jacob "hosted a luncheon for women lawyers at Fried Frank at which Plaintiff complained that women made partner less often than men." (Pl. Br. at 4).  To the contrary, she testified that Janice Mac Avoy led that meeting.  (Hurd Aff., Ex. 1 (Kamps Tr.) at 175).  Furthermore, Kamps' allegation that Spendlove told her in front of a "sizeable" group of people that it was the Firm's policy that attorneys be given credit for their work is not disputed and therefore does not show that Spendlove has any unique facts that are relevant to the case. (Hurd Aff., Ex. 1 (Kamps Tr.) at 33-34).

Under similar circumstances, where the plaintiff provides no basis to show that a corporate executive possesses any personal knowledge regarding the relevant events, courts routinely grant protective orders, and Plaintiff cites no case law to the contrary. *See Burns v. Bank of Am.*, No. 03 Civ. 1685 (RMB)(JCF), 2007 U.S. Dist. LEXIS 40037, at *9-17 (S.D.N.Y. June 4, 2007) (Francis, M.J.) (denying motion to compel deposition of Bank of America's General Counsel because the General Counsel had no personal knowledge of the events alleged by the plaintiffs and therefore "the plaintiffs [had] failed to demonstrate a need for [his] testimony, and the likelihood of harassment [was] significant"); *In re Ski Train Fire*, MDL Docket No. 1428 (SAS)(THK), 2006 U.S. Dist. LEXIS 29987, at *29-31 (S.D.N.Y. May 16, 2006) (Katz, M.J.) ("[c]ourts disfavor requiring the depositions of senior executives unless they

have personal knowledge of relevant facts or some unique knowledge that is relevant to the action") (citations omitted).

Plaintiff's attempt to distinguish these cases because they did not involve individual defendants is unavailing. Plaintiff cannot depose Jacob and Spendlove solely "by virtue of their ownership", as she contends, because such an approach directly contradicts the well established law requiring witnesses to possess personal knowledge of relevant facts. (Pl. Br. at 3). Taking Plaintiff's argument to its logical extent, she would be permitted to depose every Fried Frank partner around the world simply because they have an ownership interest in the Firm.

Particularly given the senior positions occupied by Jacob and Spendlove, along with their lack of knowledge of any facts relevant to this matter, a deposition only would serve to harass them. Accordingly, the Court should issue a protective order to prohibit the depositions of Jacob and Spendlove.

## II.  **Plaintiff Should Be Precluded from Seeking To Re-Depose Defendants' Witnesses**

Plaintiff fails to address any of the arguments in Defendants' brief regarding the instructions given at Defendants' depositions. Instead, Plaintiff makes plain that she has not filed a motion to compel or "requested the Court's permission" to re-depose Defendants' witnesses. (Pl. Br. at 5). Because depositions were to be completed by August 6, 2010, Plaintiff should be precluded from seeking to re-depose Defendants' witnesses. (Hurd Aff., Ex. 2).

## CONCLUSION

For the foregoing reasons, the Court should issue a protective order precluding the depositions of Valerie Jacob and Justin Spendlove and should preclude Plaintiff's from moving to re-open the depositions of Defendants' witnesses.

Dated: New York, New York
      October 18, 2010

                                    PROSKAUER ROSE LLP

                                    By:

                                        Bettina B. Plevan
                                        Steven D. Hurd
                                        Harris M. Mufson
                              1585 Broadway
                              New York, New York 10036
                              (212) 969-3065
                              *Attorneys for Defendants*